## CIRCUIT COURT OF LOUDOUN COUNTY

Wells G. Carswell et al.

v.

Kafem, Inc., et al.

October 17, 1991

Case No. (Law) 11993

By JUDGE JAMES H. CHAMBLIN

This cause is before the Court on the Demurrer of the defendants to the Amended Motion for Judgment. The Court heard oral argument on October 4, 1991.

The Demurrer is sustained in part and overruled in part.

The Demurrer is lengthy, but it may be divided into three general areas. Each is addressed below.

I. *The Amended Motion for Judgment does not state a cause of action against the defendants in favor of the plaintiff, Wells G. Carswell*

First, the defendants assert that Mr. Carswell is not a third-party beneficiary to the subject lease agreement (Exhibit "A" to the Amended Motion for Judgment). It is uncontroverted that Mr. Carswell is listed in the lease agreement among "Authorized Users." Although the term is not defined in the lease agreement, common sense and the generally accepted ordinary meaning of the words would be that the defendants would allow Mr. Carswell to place items in the unit for storage and expect them to be stored

by the defendants under the terms of the lease agreement. Hence, the parties to the lease agreement "clearly and definitely intended" to confer a benefit upon Mr. Carswell. Therefore, he can proceed on a cause of action for breach of contract on a third-party beneficiary theory. *Copenhaver v. Rogers*, 238 Va. 361, 167 (1989); *Allen v. Lindstrom*, 237 Va. 489, 500 (1989). The Demurrer is overruled on this ground.

Paragraph 3 of the Amended Motion for Judgment contains an allegation that at all times pertinent, Mrs. Carswell acted as agent for Mr. Carswell. Such a mere allegation of agency is a conclusion of law. A demurrer does not admit the correctness of a pleader's conclusions of law. *Fox v. Curtis*, 236 Va. 69, 71 (1988). No facts are alleged to support this conclusion of law. The Demurrer is sustained on this ground.

The Amended Motion for Judgment asserts causes of action based on Count I - Breach of Contract, Count II - (Tort) Breach of Bailment, Count III - (Tort) Conversion, and Count IV - Detinue. As stated above, Mr. Carswell has a cause of action for breach of contract upon a third-party beneficiary theory.

Count II - (Tort) Breach of Bailment is a claim that the defendants failed to exercise due care, i.e., they were negligent, for the property delivered to them by both plaintiffs to be held pursuant to the bailment relationship. The defendants were aware that Mr. Carswell was an "authorized user." Therefore, he could have placed property in the storage unit. If he did so, then the defendants would have a common law duty of due care toward such property. The defendants could reasonably foresee that he might have put property in the unit. Accordingly, Mr. Carswell does have a cause of action under Count II. For similar reasons, he has a cause of action under Counts III and IV. This ruling, however, has no bearing on affirmative defenses available to the defendants under the terms of the lease agreement.

The reliance of the defendants on the language in *Copenhaver*, 238 Va. at 366, is misplaced. This case is not a claim solely for economic loss. It is a claim for property damage. Under § 8.01-223, lack of privity is not a defense.

The Demurrer is overruled on the grounds of Mr. Carswell's lack of standing as to Counts II, III, and IV.

II. *The Amended Motion for Judgment does not state facts to support a cause of action against the individual defendants*

Under Rule 1:4(k), a party may plead alternative facts and theories of recovery against alternative parties, provided the claims arise out of the same transaction or occurrence. This is exactly what the plaintiffs have done in this case. Further, some of the alleged wrongs are claims against individuals. This is not an alleged case for the complete disregard of the "corporate formalities" as in *DeWitt Truck Brokers v. W. Ray Flemming Fruit Co.*, 540 F.2d 681 (4th Cir. 1976). In this case, the plaintiffs allege facts to show that they are uncertain who or what entity does business as "Storage Solvers." The Demurrer is overruled on this ground.

III. *The Order entered August 2, 1991, does not allow the plaintiffs to amend their motion for judgment to add a new cause of action (detinue)*

The order entered August 2, 1991, merely granted the plaintiff leave to amend the motion for judgment originally filed. The original motion for judgment did not contain a detinue count. Even if the addition of a detinue count were not allowed and the count were ordered stricken, then nothing would prevent the plaintiffs from filing a separate detinue action which could be consolidated with this case if appropriate. If it is not appropriate, then the defendants can move to sever the detinue count. The Demurrer is overruled on this ground.